**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| JERICKA JOCOLE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.; STEPHEN SOBOTA d/b/a HUNTER WARFIELD; TODD WAHL d/b/a HUNTER WARFIELD; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC;<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO. 4:17-cv-00136<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY**<br><br>Violation of 15 U.S.C. §§ 1692-1692p ("Fair Debt Collection Practices Act")<br><br>Violation of 15 U.S.C. §§ 1681-1681x ("Fair Debt Collection Practices Act") |

Plaintiff JERICKA JOCOLE JAMES ("Plaintiff" of "Dr. James") as and for her Complaint against Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, TODD WAHL d/b/a HUNTER WARFIELD, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC alleges:

## I. INTRODUCTION

1. This is an action for preliminary injunctive relief, permanent injunctive relief, actual damages, statutory damages, punitive damages costs, and attorney's fees brought pursuant to 15 U.S.C. §§ 1692-1692p (the "Fair Debt Collection

Practices Act" or "FDCPA") and 15 U.S.C. §§ 1681-1681x (the "Fair Credit Reporting Act" or "FCRA")

2. At issue in this litigation is Defendants' unlawful attempt to collect a debt from Plaintiff that is not expressly authorized by any valid agreement or law.

## II. JURISDICTION

3. This is an action to enforce liability created under the FDCPA.
4. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1692d(k).
5. This is an action enforce liability created under the FCRA.
6. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1681p.
7. This civil action arises under the laws of the United States.
8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

## III. VENUE

9. All defendants are residents of the State of Florida, regularly conduct business in this judicial district, and are subject to this Court's personal jurisdiction.
10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## IV. PARTIES

11. Dr. James is an individual.
12. Dr. James is natural person allegedly obligated to pay a debt.
13. Dr. James is a "consumer" as defined by 15 U.S.C. § 1692a(3).
14. Dr. James is a "consumer" as defined by 15 U.S.C. § 1681a(c).

15. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD are persons that use instrumentalities of interstate commerce in their business the principal purpose of which is the collection of debts.

16. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD are persons that use the mails in their business the principal purpose of which is the collection of debts.

17. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD are persons that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another

18. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD are "debt collector[s]" as defined by 15 U.S.C. § 1692a(6).

19. Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC are entities which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumer for the purpose

of furnishing consumer reports to third parties, and which use means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

20. Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC are "consumer reporting agenc[ies]" as defined by 15 U.S.C. § 1692a(f).

21. Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC are consumer reporting agencies that regularly engage in the practice of assembling or evaluating, and maintain, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide: (1) public record information or credit account information from persons who furnish that information regularly and in the ordinary course of business.

22. Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC are "consumer reporting agenc[ies] that compile[] and maintain[] files on consumer on a nationwide basis" as defined by 15 U.S.C. § 1692a(p).

## V. COUNT I - VIOLATION OF 15 U.S.C. § 1692f(1)
## Against Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD

23. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD are attempting to collect an alleged debt in the amount of $1,821.00 from Plaintiff.

24. Plaintiff is not indebted to Defendants for $1,821.00 by agreement or law.

25. Upon information and belief, Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD are attempting to collect an alleged debt on behalf of ORION RESIDENTIAL in the amount of $1,821.00 from Plaintiff.

26. Plaintiff is not indebted to ORION RESIDENTIAL for $1,821.00 or any other amount of money by agreement or law.

27. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD are in violation of 15 U.S.C. § 1692f(1) for attempting to collect an amount from Plaintiff that is not authorized by the agreement creating the alleged debt or permitted by law.

## VI. COUNT II - VIOLATION OF 15 U.S.C. § 1692g(b)
## Against Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD

28. Dr. James reasserts and realleges all allegations contained in paragraphs 1-27.

29. On or about February 3, 2014, within 30 days of receiving an initial communication from HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and/or TODD WAHL d/b/a HUNTER WARFIELD, Dr. James, through the undersigned counsel, disputed the subject alleged debt in writing to Defendant HUNTER WARFIELD, INC.

30. A true and correct copy of the aforementioned dispute letter that was sent to Defendant HUNTER WARFIELD, INC. is attached hereto and incorporated herein as **Exhibit 1**.

31. To date, Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD have failed to obtain verification of the alleged debt or a copy of a judgment, or the name and address of the original creditor, **and** mail to Dr. James a copy of such verification or judgment, or name and address of the original creditor.

32. On or about March 18, 2017, Dr. James received an alert via email via her credit monitoring service that they "detected a change in [her] Credit Report."

33. A true and correct copy of a telephone screenshot the email alert that Dr. James received is attached hereto and incorporated herein as **Exhibit 2**.

34. A true and correct copy of the alleged debt item listed on Dr. James' consumer report as per her credit monitoring file is attached hereto and incorporated herein as **Exhibit 3**.

35. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD have recently commenced debt collection attempts against Dr. James for the subject disputed alleged debt despite her written and sent dispute of the same years ago without Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD ever verifying the alleged debt and mailing any verification.

36. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD violated 15 U.S.C. § 1692g(b) for failing to cease collection of the alleged debt until they obtained verification of the debt and mailed such verification to Dr. James pursuant to the requirements of 15 U.S.C. § 1692g(b).

## VII. COUNT III - VIOLATION OF 15 U.S.C. § 1692e(8) Against Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD

37. Dr. James reasserts and realleges all allegations contained in paragraphs 1-36.

38. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD as

of to date, have reported to consumer reporting agencies credit information stating that Dr. James is responsible for the alleged disputed debt that HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD knew or should have known to be false.

39. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD failed to communicate that the disputed alleged debt that is reported regarding Dr. James is "disputed" to the consumer reporting agencies.

40. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD have violated 15 U.S.C. § 1692e(8) by communicating information to consumer reporting agencies about Dr. James that they knew or should have known is false.

41. Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, and TODD WAHL d/b/a HUNTER WARFIELD have violated 15 U.S.C. § 1692e(8) by communicating information to consumer reporting agencies about Dr. James and failing to communicate to consumer reporting agencies that they report to in the ordinary course of business that the alleged debt it reported regarding Dr. James is disputed.

## VIII. COUNT IV - VIOLATION OF 15 U.S.C. § 1681e(b) Against EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC

42. Dr. James reasserts and realleges all allegations contained in paragraphs 1-41.

43. Defendant EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC are reporting inaccurate information on consumer reports that it prepared under Dr. James' name that they failed to verify with Dr. James to assure maximum possible accuracy of the information concerning Dr. James to whom it relates.

44. Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC prepared consumer reports under Dr. James' name negligently and without regard to the accuracy of the information that in maintains in Dr. James' consumer file.

45. Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC have violated and are violating 15 U.S.C. § 1681e(b) for preparing consumer reports under Dr. James' name listing the subject disputed alleged debt item furnished by Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, or TODD WAHL d/b/a HUNTER WARFIELD for $1,821.00 and failing to follow reasonable procedures to assure maximum possible accuracy of the information reported concerning Dr. James.

46. Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC negligent conduct has caused Dr. James' credit score to drop from the 800s to the 700s.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff JERICKA JOCOLE JAMES demands a trial by jury and respectfully requests entry of judgment against Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, TODD WAHL d/b/a HUNTER WARFIELD, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC and in favor of Plaintiff JERICKA JOCOLE JAMES for the following:

a. An order entering a preliminary and permanent injunction enjoining Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, TODD WAHL d/b/a HUNTER WARFIELD from attempting to collect the disputed alleged debt of $1,821.00 from Plaintiff;

b. An entry of judgment against Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, TODD WAHL d/b/a HUNTER WARFIELD and in favor of Plaintiff JERICKA JOCOLE JAMES for $50,000.000 actual damages or an amount according to proof at trial pursuant to 15 U.S.C. § 1692k(a)(1);

c. An entry of judgment against Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, TODD WAHL d/b/a HUNTER WARFIELD and in favor of Plaintiff JERICKA JOCOLE JAMES for $1,000.00 statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. An entry of judgment against Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, TODD WAHL d/b/a HUNTER WARFIELD and in favor of Plaintiff JERICKA JOCOLE JAMES for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

e. An order entering a preliminary and permanent injunction enjoining Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC from preparing and furnishing consumer reports under the name of Plaintiff JERICKA JOCOLE JAMES that contains the disputed alleged $1,821.00 debt information concerning Plaintiff JERICKA JOCOLE JAMES furnished by Defendants HUNTER WARFIELD, INC., STEPHEN SOBOTA d/b/a HUNTER WARFIELD, TODD WAHL d/b/a HUNTER WARFIELD.

f. An entry of judgment against Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC and in favor of Plaintiff JERICKA JOCOLE JAMES

for $50,000.00 actual damages or in an amount according to proof at trial pursuant to 15 U.S.C. § 1681o(a)(1);

g. An entry of judgment against Defendants EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC and in favor of Plaintiff JERICKA JOCOLE JAMES for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

h. Such other and further relief that this Court deems just, proper, and equitable.

Respectfully submitted,

Dated: March 20, 2017

s/ Brian L. Ponder

Brian L. Ponder, Esq. (NY: 5102751)
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF